## In re Anonymous No. 40 D.B. 80

Disciplinary Board Docket no. 40 D.B. 80.

JOHNSON, *Member,* June 16, 1981—The Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and order of private reprimand. For reasons appearing below, we find that the original recommendation of the hearing committee, does not adhere to the prescribed types of discipline under Pa.R.D.E. 204.

### I. STATEMENT OF THE ISSUES

The hearing committee found that respondent had violated D.R. 2-102(A), formerly (B), which prohibits a lawyer in private practice from using a trade name and recommended that respondent forthwith cease the use of the name Legal Service Center and advise all appropriate persons of the change.

The board agrees with the hearing committee's finding that respondent has violated D.R. 2-102(A). Respondent has practiced and advertised his practice as "Legal Service Center" for several years. After the decision came down in Bates and O'Steen v. State Bar of Arizona, 433 U.S. 350 (1977), the Supreme Court of Pennsylvania came down with an order changing certain rules pertaining to advertising. Thereafter, the board directed Disciplinary Counsel not to proceed with disciplinary ac-

tion against lawyers for advertising. Respondent interpreted the Bates and O'Steen case, the action of the Supreme Court of Pennsylvania and the action of the board, as giving him permission to practice under a trade name.

Before the hearing committee and at the time of oral argument before a panel of this board, respondent maintained the position that D.R. 2-102(A), formerly (B), was repealed by the action of the Supreme Court and consequently, did not exist. The hearing committee gave careful consideration to respondent's position and professionally charted its way through the history of changes in the rule. The hearing committee reached the conclusion that D.R. 2-102(A), formerly (B) does, in fact exist and has continued to exist since its original adoption by the Supreme Court. With this finding, the board agrees, even though we do recognize some support for respondent's position. West's Book in the 1978-1979 Edition, deleted that section of the rule relating to trade names, so that anyone relying solely on West would find some support for the argument made by respondent. However, West is not the recognized repository of the Disciplinary Rules. It further became obvious during oral argument, as it must have to the hearing committee, that respondent had not relied upon the absence of the rule in West at the time he elected to institute his practice under the trade name but rather is now raising the question of the history of the rule as a matter of defense. It is the finding of the board the Supreme Court has not rescinded the rule and it is in effect. It is further our finding that respondent is in violation of the rule.

The Pennsylvania Bar Association Committee on Legal Ethics has issued an advisory opinion in the matter of Allegheny County Legal Service Clinic of [Name of Attorney] to the effect that if the registra-

tion of the name is Allegheny County Legal Service Clinic of [Name of Attorney] or for example, American Law Center of [Name of Attorney], a lawyer is permitted to advertise. This is a logical position since the name of the attorney appears in the name of the legal clinic under which he is practicing. It is a simple thing for respondent to comply with the ruling of the Legal Ethics Committee, and bring himself in compliance with D.R. 2-102(A).

## II. CONCLUSION

The board is in accord with the findings and recommendation of the hearing committee. However, to mold the recommendation of the hearing committee to comply with Pa.R.D.E. 204, providing for the types of discipline, respondent shall be subjected to a private reprimand by the Disciplinary Board, at which time he is to provide the board with evidence of actions taken by him to discontinue or suitably alter the name under which respondent presently conducts the practice of law.

Mrs. Neuman did not participate in the adjudication.

## ORDER

HARRINGTON, *Chairman,* And now, May 13, 1981, the report and recommendation of the hearing committee having been received and considered, it is ordered and decreed that the said [Respondent] of [ ] County, be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Pa.R.D.E. 204(5) at the next session of this board.

It is further ordered that respondent provide to the board evidence of those actions taken by him to discontinue or suitably alter the name under which respondent presently conducts the practice of law.